PARK E. ARNOLD, plaintiff in error, vs. REUBEN E. OSLIN and SAMUEL WALKER, endorsers, defendants in error.

If the generality of an interrogatory, is limited by another interrogatory, an answer to it as thus limited, will be sufficient.

Assumpsit, and motion for new trial, in Fulton Superior Court. Decision by Judge BULL, April Term, 1858.

The facts of this case are fully stated in the opinion of this Court, pronounced by Judge Benning.

GLENN & COOPER, for plaintiff in error.

EZZARD & COLLIER, contra.

*By the Court.*—BENNING J. delivering the opinion.

Park E. Arnold sued James F. Walker, as principal, and Reuben E. Oslin, and Samuel Walker, as endorsers, on a note and endorsements, of which, the following are copies:

"$665. On or before the 25th day of December next, we or either of us, promise to pay A. J. Betterton, or bearer, six hundred and sixty-five dollars, if not punctually paid bearing interest from date, for value received of him. This April 9th, 1855."

[Signed]            F. N. HARDMAN,
                     JAMES F. WALKER."

[Endorsed] "R. E. OSLIN, SAMUEL WALKER."

The plea of the two endorsers, was, that Arnold had given day of payment to F. N. Hardman, one of the makers, for a valuable consideration without their knowledge or consent.

The defendants offered in evidence, the interrogatories of Fleming N. Hardman and Jackson Hardman. The plaintiff, Arnold, insisted, that the cross interrogatories put to these persons, were not answered; and they, for that reason, moved to exclude the interrogatories from the jury. The Court overruled the motion; and to that, Arnold excepted.

The jury found in favor of Arnold, as to James F. Walker, and against Arnold, as to the endorsers, Oslin and Samuel Walker.

A motion was made for a new trial—the grounds taken in it, being, that the verdict was contrary to law and evidence; contrary to the weight of evidence; and, that the interrogatories were not excluded.

The last was the only ground relied on before this Court. Was that a good ground?

The first cross question was: " In the month of March, 1856, or any other time, when you saw the plaintiff about the note, how much money was ' paid ? At the time, what was said by him ? Did he not tell you, that if the endorsers were willing, he would wait, and give you time; if they were not, that he would place the payment as a credit, on the note ? State particularly, all that was said about it."

The answer of F. N. Hardman, to this, was: " In the month of March, 1856, I paid said Arnold sixty-five dollars, to wait on said note twelve months. There was nothing said about the securities being agreed to said arrangement between the plaintiff, Arnold, and myself."

It is said, that in this answer, there is no response to the question: "At the time, what was said by him ?" But that question, it is plain, is pointed and limited by the next one. " Did he not tell you, that, if the endorsers were willing, he would," &c. ? And to this question the answer does contain a response. To this question, the words, " there was nothing said about the securities being agreed," &c., were a full response.

We think, then, that according to a proper interpretation of the interrogatory, the answer was full.

The other cross interrogatories were, we think, sufficiently answered; and if that were not so, yet, the materiality of those interrogatories, is not very apparent. It is needless to state them and the answers.

A. J. Hardman failed entirely, to answer the cross questions. .

But it is plain, from their tenor, that they were not addressto him, at least, none except the last, which was: "Did not F. H. Hardman leave here, largely in debt? has he not been, for years, insolvent?" And the materiality of this, is not to us, apparent.

We think, then, that the Court did not err, in overruling the objection to the interrogatories.

Judgment affirmed.